IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CRIM. NO.: 22-75 (SCC)

SAMUEL ANTONIO ARIAS-MATOS,

Defendant.

**OMNIBUS OPINION AND ORDER**

Pending before the Court are Defendant Samuel Antonio Arias-Matos' ("Defendant Arias-Matos") request for a *de novo* review of the U.S. Magistrate Judge's detention order, *see* Docket No. 22 and for temporary release under 18 U.S.C. § 3142(i), *see* Docket No. 24. For the reasons set forth below the motion at Docket No. 22 is denied and the motion at Docket No. 24 is moot.

**I. Background**

By sworn Complaint, the Government charged Defendant Arias-Matos with Distribution of Child Pornography in

violation of 18 U.S.C. § 2252A(a)(2) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Docket No. 1. On February 1, 2021, U.S. Magistrate Judge Marshal D. Morgan held a detention hearing regarding this case. *See* Docket No. 10. During the same, the Magistrate Judge found probable cause to support the charges set forth in the Complaint and therefore referred the matter to a grand jury for further proceedings. *Id.* The Magistrate Judge also determined that Defendant Arias-Matos was to remain detained pending trial because of the danger that he posed to the community. *Id.* The detention order subsequently entered by the Magistrate Judge added that Defendant Arias-Matos was to remain detained pending trial because in addition to being a danger to the community, he was deemed a flight risk. *See* Docket No. 12.

On February 24, 2022, a grand jury returned an indictment charging Defendant Arias-Matos with one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) ("Count 1") and a separate count for Possession

of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count 2"). *See* Docket No. 16.

On March 17, 2022, Defendant Arias-Matos moved the Court for a *de novo* bail hearing so that we could review the Magistrate Judge's pretrial detention order. *See* Docket No. 22. That request was granted and a *de novo* bail hearing was held on March 30, 2022. Docket No. 23. At the *de novo* bail hearing, the Government proceeded via proffer and requested that the Magistrate Judge's detention order stand.[1] Docket No. 27. Meanwhile, Defendant Arias-Matos argued in favor of imposing conditions of release. *Id.* After hearing the Parties' positions, the Court held the matter under advisement and ordered that Defendant Arias-Matos remain detained pending the Court's evaluation of the information received during the hearing and the United States Probation Office's ("USPO") evaluation of the proffered residence for

---

[1] The Court notes that the case agent was present at the *de novo* bail hearing and the Government stated that he was available to take the stand if need be. Ultimately, neither the Court nor Defense Counsel asked him to take the stand.

Defendant Arias-Matos to remain under house arrest, if released, pending trial. *Id.*

Having rehearsed this procedural background, the Court turns to Defendant Arias-Matos' requests.

## II. *De Novo* Bail Hearing

### a. Standard of Review

This Court's review of the Magistrate Judge's detention order is *de novo. United States v. Tortora,* 922 F.2d 880, 883 n.4 (1st Cir. 1990).

### b. Presumption Regarding Pretrial Detention

Pretrial detention is permitted under the Bail Reform Act of 1984 if no condition or combination of conditions exist which could reasonably assure the appearance of the defendant and the safety of an individual or the community. *See* 18 U.S.C. § 3142(e). Further, if probable cause is found indicating that the defendant committed one of the offenses listed under 18 U.S.C. § 3142(e)(3), a statutory presumption that pretrial detention is warranted attaches. It also holds that "a grand jury indictment is sufficient to establish probable

| U.S.A. v. ARIAS-MATOS | Page 5 |
|---|---:|

cause for purposes of triggering" the statutory presumptions found under § 3142(e). *See United States v. Vargas,* 804 F.2d 157, 163 (1st Cir. 1986). In this case, a grand jury returned an indictment charging Defendant Arias-Matos with an offense that falls under the umbrella of those listed under § 3142(e)(3). *See* 18 U.S.C. § 3142(e)(3)(E) (including "an offense involving a minor victim under section . . . 2252A(a)(2)"). Accordingly, the statutory presumption in favor of detention applies to this case.

Section 3142(e)(3)'s statutory presumption, however, can be rebutted. To do so, Defendant Arias-Matos need only produce "some evidence" showing that conditions exist which can reasonably assure his appearance and the safety of the community. *See United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001) (stating that to satisfy the burden of production, the defendant shall come "forward with evidence that he does not pose a danger to the community or a flight risk."). But even if Defendant Arias-Matos satisfies this light burden, the

presumption does not just go away, for "[t]he burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." *Dillon,* 938 F. 2d at 1416. In addition to bearing the burden of persuasion, the Government is tasked with establishing that Defendant Arias-Matos presents a risk of flight by a preponderance of the evidence and is a danger to the community by clear and convincing evidence. *See Hernández-Lara v. Lyons,* 10 F.4th 19, 41 (1st Cir. 2021) (highlighting that "under the Bail Reform Act, where flight risk is a factor, the government need only prove flight risk by a preponderance of the evidence in order to continue detention."); *United States v. Tortora,* 922 F.2d 880, 884 (1st Cir. 1990) (explaining that the Government must "prove clearly and convincingly that no set of release conditions would reasonably assure the community's safety.").

Here, even assuming that Defendant Arias-Matos has rebutted the statutory presumption, an evaluation of the factors set forth in 18 U.S.C. § 3142(g) tip the scale in favor of

detention. The Court considers each factor in turn.

### c. Section 3142(g) Factors

#### i. Nature and Circumstances of the Offense Charged

The charged conduct included in the indictment involves minor victims and falls under the statutory definition of a crime of violence, 18 U.S.C. § 3156(a)(4)(C). Further, if convicted, Defendant Arias-Matos faces a mandatory minimum term of imprisonment of five (5) years for Count 1, *see* 18 U.S.C. § 2252A(b)(1), and up to ten (10) years of imprisonment for Count 2, *see* 18 U.S.C. § 2252A(b)(2).[2]

#### ii. Weight of the Evidence

The weight of the evidence against Defendant Arias-Matos is strong. According to the affidavit in support of the Complaint, the internet account tied to the IP address from which various images and videos were downloaded and

---

[2] 18 U.S.C. § 2252A(b)(2) adds, however, that "if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years."

shared containing what appears to be child pornography, was found to be registered to Defendant Arias-Matos. *See* Docket No. 1-1. After a search warrant of the residence that matched the physical address connected to the IP address in question was executed, federal law enforcement agents recovered various electronic devices belonging to Defendant Arias-Matos. *Id.* Once inspected, the devices were found to contain what appears to be child pornography. *Id.* Moreover, the videos described in the affidavit as having been downloaded from the IP address in question show female minors engaging in sexual acts with each other and/or with male adults. *Id.* One of the videos is said to be over one hour long. *Id.* And some of the images depict acts of bestiality with female minors. *Id.*

A warrant for Defendant Arias-Matos' arrest was issued on January 27, 2022. *See* Docket No. 2. Defendant Arias-Matos has reportedly admitted to owning the electronic devices found during the execution of the search warrant. Docket No. 1-1. And he has also reportedly admitted to downloading and sharing child pornography on the internet and engaging in

electronic communications to obtain and distribute child pornography. *Id.*

### iii. History and Characteristics of Defendant Arias-Matos

At the time of his arrest, Defendant Arias-Matos was thirty-one (31) years old.[3] Docket No. 8 at pg. 1. He received a bachelor's degree in electrical engineering, on a date unknown. *Id.* at pg. 2. Even though he was unemployed at the time of his arrest, he previously worked a series of jobs including a one semester stint in the library at the college he attended and later as an in-house accountant for an unspecified amount of time. *Id.* He also worked periodically as an electrical engineer. *Id.* However, the USPO was unable to obtain information regarding his electrical engineering jobs. *Id.* Specifically, the USPO could not corroborate his past employer(s), and the amount that he would get paid for those jobs. *Id.* Further, Defendant Arias-Matos reports having no

---

[3] He recently turned thirty-two (32) years old.

U.S.A. v. ARIAS-MATOS | Page 10

income and received financial support from his parents and his maternal aunt. *Id.* He did, however, pay for his internet and cellphone bills, both which were registered to his name. *Id.* And according to his maternal aunt, he also paid for any medical expenses that were not covered by his health insurance. *Id.* Defendant Arias-Matos is a diabetic and hemophiliac. *Id.* at pg. 3.[4]

The record shows that Defendant Arias-Matos has no prior criminal record, no history of substance[5] or alcohol abuse and has strong family ties. *Id.* His maternal aunt was approved by the USPO as a third-party custodian, *see* Docket No. 33 at ¶ 2, and the Court notes that members of his family attended the *de novo* bail hearing in a show of support for

---

[4] The Court notes that while Defendant Arias-Matos has stated that his medical conditions should favor release, *see* Docket No. 22 at pg. 8, he has not advanced any allegations or proffered any evidence that would show that he is not receiving proper care for his medical conditions at MDC Guaynabo.

[5] Due to the protocols in place because of the on-going COVID-19 pandemic, a voluntary urinalysis test was not conducted by the USPO. Docket No. 8 at pg. 3.

U.S.A. v. ARIAS-MATOS | Page 11

Defendant Arias-Matos. That same maternal aunt, along with another aunt would be residing in the proffered residence that the USPO approved as a "suitable place of residence," if the Court were to grant the request for release. Docket No. 33 at ¶ 3. These aunts have also attested that they would disconnect the internet service in the residence and ensure that minors do not visit the residence. *Id.* The record also indicates that Defendant Arias-Matos has two siblings who live in the states of New York and Florida, respectively. Docket No. 8 at pg. 1. And Counsel for Defendant Arias-Matos informed the Court during the *de novo* bail hearing that his parents would soon be returning from Germany—where they had been serving as missionaries—and would be able to provide further support. While Defendant Arias-Matos was issued a passport, he has misplaced it.[6] *Id.* at pg. 2. Lastly, Defendant Arias-Matos represented to the USPO that he does

---

[6] Defendant Arias-Matos visited his parents in Germany at some point in 2018. Docket No. 8 at pg. 2.

not have and has not suffered from mental health conditions.[7] *Id.* at pg. 3.

### iv. Danger Posed to the Community if Defendant Arias-Matos is Released

When considering the danger that Defendant Arias-Matos' release may represent to the community, the Court may consider uncharged conduct. *See United States v. Rodríguez,* 950 F.2d 85, 88-89 (2d Cir. 1991). The Magistrate Judge's decision ordering detention relied heavily on the touch offense that per the affidavit accompanying the Complaint, Defendant Arias-Matos confessed to. Counsel for Defendant Arias-Matos has countered that those allegations are uncorroborated and should not have been afforded the weight that they were given by the Magistrate Judge when he

---

[7] Via proffer during the *de novo* bail hearing, the Government presented a copy of a letter that was extracted from one of the electronic devices obtained during the search executed on January 27, 2022. According to the Government, the letter was written by Defendant Arias-Matos. The contents of the letter reveal that the author of the letter previously suffered from depression. The exhibit was admitted into evidence and while the original letter was in the Spanish language, an English translation was subsequently provided by the Government. *See* Docket Nos. 27-28.

U.S.A. v. ARIAS-MATOS                                                                 Page 13

issued the detention order. *See* Docket No. 22 at pgs. 6-7. But at the *de novo* bail hearing the Government stated that new developments regarding the touch offense have surfaced. Namely, the Government proffered that federal law enforcement agents have identified the minor female involved in the touch offense noted in the affidavit and that they were able to interview her mother. According to the minor's mother, her daughter is being treated for depression and self-harm and is taking an anti-depressant. The minor's mother added that her daughter informed a social worker that Defendant Arias-Matos sexually assaulted her.

Federal law enforcement agents have also identified another alleged victim that attended the church that Defendant Arias-Matos visited. This second female recently came forward and alleged that she was sexually assaulted by Defendant Arias-Matos when she was between the ages of five (5) and seven (7) years old. She added that she had heard that approximately five (5) years ago, Defendant Arias-Matos invited another minor female that attended the same church,

U.S.A. v. ARIAS-MATOS                                                    Page 14

to engage in sexual relations with him. Further, federal law enforcement agents identified another minor, from the state of Illinois, who spoke with Defendant Arias-Matos via electronic means. In those electronic communications, Defendant Arias-Matos reportedly requested nude images from her. At the time of the *de novo* bail hearing, federal law enforcement agents were in the process of interviewing this minor.

### d. Analysis

The indictment charges Defendant Arias-Matos with the commission of serious offenses. Just because the charged offenses occurred via electronic means, this does not diminish the severity of the charged conduct. As the Second Circuit has stated:

> technological advances that facilitate child pornography crimes no more mitigate the real harm caused by these crimes than do technological advances making it easier to perpetrate fraud, traffic drugs, or even engage in acts of terrorism—all at a distance from victims—mitigate those crimes. If anything, the

U.S.A. v. ARIAS-MATOS                                                                 Page 15

> noted digital revolution may actually aggravate child pornography crimes insofar as an expanding market for child pornography fuels greater demand for perverse sexual depictions of children, making it more difficult for authorities to prevent their sexual exploitation and abuse.

*United States v. Reingold*, 731 F.3d 204, 217 (2d Cir. 2013).

The factors considered above indicate that even if Defendant Arias-Matos has advanced evidence which may suffice to rebut the detention presumption, *e.g.*, no prior criminal record and strong family ties, the totality of the factors weigh in favor of detention. In view of the evidence proffered and the record before this Court, we find that the Government satisfied its burden of persuasion and showed with clear and convincing evidence that no condition or combinations of conditions will ensure the safety of the community if Defendant Arias-Matos is released. Detention in this case will ensure that no other minor is harmed.[8]

---

[8] In this vein the Court adds that pretrial release, even if Defendant Arias-Matos is to remain under house arrest, could have a type of chilling effect with regard to the alleged victims that have come forward since

U.S.A. v. ARIAS-MATOS                                                                  Page 16

Lastly, as Defendant Arias-Matos has pointed out, a discrepancy exists between the grounds for detention that the Magistrate Judge stated during the initial detention hearing and the subsequent detention order that was entered. While the Magistrate Judge initially stated that Defendant Arias-Matos was to be detained based on dangerousness the detention order also lists risk of flight as a basis for detention. *See* Docket Nos. 10 and 12. The Government alluded to the risk of nonappearance due to the lengthy period of incarceration that Defendant Arias-Matos may be subject to. The Court agrees, and we add that, Defendant Arias-Matos has not provided any evidence regarding the whereabouts of his passport, he has family living in the states of Florida and

---

Defendant Arias-Matos' arrest. And although those alleged offenses may not necessarily fall under this Court's jurisdiction, we do consider them in our detention analysis. Further, while Defendant Arias Matos' aunt's may have stated that they will disconnect all electronic devices from the proffered residence, considering that Defendant Arias-Matos is an electrical engineer, the Court understands that even those safety measures could not reasonably assure that he will not be tempted to—and actually—bypass whatever monitoring software may be installed by the USPO.

New York, respectively, and spent some time in Germany where his parents lived for several years. Accordingly, the Court also finds that detention is warranted due to risk of nonappearance.

The Court next turns to Defendant Arias-Matos' second request for pretrial release.

### III. Request for Temporary Release Under 18 U.S.C. § 3142(i)

Defendant Arias-Matos has invoked 18 U.S.C. § 3142(i) in support of his request for temporary release to home detention. Docket No. 24. That provision states in pertinent part that, pretrial release is warranted if the Court determines that such action is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). According to Defendant Arias-Matos, he satisfies both of those criteria. But because this request was advanced to secure Defendant Arias-Matos' temporary release while the Court made its determination regarding the *de novo* bail request, and having rendered a determination regarding pretrial detention today, this request is moot.

### IV. Conclusion

In light of the above, Defendant Arias-Matos shall remain detained without bail pending trial based on both dangerousness and risk of nonappearance. The motion at Docket Nos. 22 is **DENIED** and the motion at Docket No. 24 is **MOOT.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE